IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILLIP NASH,<br>#90899-022,<br><br>       Plaintiff,<br><br>   vs.<br><br>LAUREN PACHECO, *et al.*,<br><br>       Defendants. | CIVIL NO. 24-00142 DKW-WRP<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND AND ORDER TO SHOW CAUSE |

Before the Court is pro se Plaintiff Phillip Nash's ("Nash") Complaint brought pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  In the Complaint, Nash alleges various claims against six individually named Hawaii Police Department ("HPD") Officers (Counts 1–6), HPD and the County of Hawaii ("County") (Counts 6 and 7).[2]  *Id.* at PageID.5–PageID.6.  After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES with partial leave to amend Nash's claims against the HPD and the

---

[1]Nash is currently incarcerated at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* ECF No. 1-3 at PageID.14; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/(select "Find By Number," enter "90899-022" in "Number" field, and select "Search") (last visited Apr. 4, 2024).

[2]Nash names as Defendants Sergeant Lauren Pacheco, Officer Debney Jaramillo, Officer Gabriel Wilson, Sergeant Z. Fernando, Officer J. Carvalho, Officer J. Masutani.  ECF No. 1 at PageID.2. He also names "John Does 1–10."  *Id.*

County.  If Nash wants any of his claims against the County to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **April 30, 2024**.  Nash is also ORDERED TO SHOW CAUSE in writing on or before **April 30, 2024** why his claims against the six individually named HPD officers are not time-barred.  Alternatively, instead of filing an amended pleading and showing cause in writing, Nash may inform the Court in writing on or before **April 30, 2024** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).[3]

## I.   STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

---

[3]In general, 28 U.S.C. § 1915(g) prohibits a prisoner from filing a civil action in forma pauperis if she or he has on three or more occasions brought an action in federal court that was dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted.

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.   <u>BACKGROUND</u>[4]

In the early morning hours of March 26, 2021, Lhea Correa called the HPD reporting that her car had been stolen by her girlfriend, Keithlyn Hulihee.  ECF No.

---

[4]Nash's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

1 at PageID.2.  Later the same morning, Officer Jaramillo found the vehicle parked near Lehia Beach Park, with Hulihee in the driver's seat and Nash in the front passenger seat.  *Id.*

Officer Jaramillo detained both Hulihee and Nash, placed Hulihee in handcuffs, and asked Nash to provide some identifying information.  *Id.*  Officer Jaramillo told Nash that he was free to leave after a warrant check came back negative.  *Id.*

Hulihee then asked Nash to call Correa, which he did after confirming with Officer Jaramillo that it was okay to do so.  *Id.*  When Correa answered the call, Nash gave his phone to Officer Jaramillo, and Nash walked away.  *Id.*  After the call ended, Nash retrieved his phone from Officer Jaramillo.  *Id.* at PageID.3.  Officer Jaramillo thanked Nash and told him to have a nice day.  *Id.*  Nash walked away, called for a ride, and sat down to wait.  *Id.*

A few minutes later, Sergeant Pacheco, Officer Carvalho, and Officer Masutani arrived on the scene.  *Id.*  Sergeant Pacheco pointed at Nash and asked Officer Jaramillo who he was.  *Id.*  Officer Jaramillo responded that Nash had been a passenger in the vehicle.  *Id.*  Sergeant Pacheco called someone on the phone, provided Nash's name, and asked, "Do you want me to hook him up like we did Enos them?"  *Id.*  After a brief pause, Sergeant Pacheco said, "Fuck it, I'm going to hook him up . . . anyway."  *Id.*

Sergeant Pacheco walked toward Nash and told him that he was being arrested for unauthorized entry into a motor vehicle. *Id.* After Nash protested, stating that he had already been released, Sergeant Pacheco placed Nash in handcuffs. *Id.* The handcuffs were "extremely tight," cutting off circulation to Nash's hands and causing extreme pain. *Id.* The handcuffs left bruises. *Id.* When asked, Nash told Sergeant Pacheco and Officer Carvalho that a nearby backpack was his. *Id.*

Officer Wilson then arrived on the scene, and he asked Nash about the backpack. *Id.* Nash said that the backpack was his. *Id.* A few minutes later, Officer Wilson again asked Nash about the backpack. *Id.* This time, Nash responded by asking if he was being arrested. *Id.* When Officer Wilson responded that Nash was being arrested, Nash said, "I do not know nothing and have nothing to say." *Id.* Officer Wilson then told Officer Carvalho and Officer Masutani that the backpack was abandoned. *Id.* Officer Wilson opened the backpack and found inside a "crystalline substance." *Id.* Nash was then transported to the HPD cellblock in Hilo. *Id.* Nash remained there for seven hours. *Id.*

On an unspecified date, Nash was separately arrested and transported to FDC Honolulu. *Id.* On June 3, 2021, a federal grand jury charged Nash in a one-count Indictment with possession with intent to distribute methamphetamine. *See* Indictment, *United States v. Nash*, Cr. No. 21-00080 DKW (D. Haw. June 3,

5

2021), ECF No. 1.  The Indictment was dismissed on October 7, 2021, *see* Order

for Dismissal, *Nash*, Cr. No. 21-00080 DKW (D. Haw. Oct. 7, 2021), ECF No. 49,

after the Court found that Nash had violated the conditions of his supervised

release in another case, *see* Minutes, *United States v. Nash*, Cr. No. 03-00495

DKW (9) (D. Haw. Oct. 7, 2021), ECF No. 709.  The Court sentenced Nash to

fourteen months' imprisonment.  *Id.*  According to Nash, he was released on April

4, 2022.  ECF No. 1 at PageID.4.

On October 31, 2023, the Court found that Nash had again violated the

conditions of his supervised release.  *See* Minutes, *Nash*, Cr. No. 03-00495 DKW

(9) (D. Haw. Oct. 31, 2023), ECF No. 733.  The Court sentenced Nash to another

eight months' imprisonment.  *Id.*  Currently, Nash's projected release date is June

26, 2024.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/(select

"Find By Number," enter "90899-022" in "Number" field, and select "Search")

(last visited Apr. 4, 2024).

Nash commenced this action by signing the Complaint on March 25, 2024.

ECF No. 1 at PageID.9.  In Counts 1–6, Nash alleges various claims against the six

individually named HPD officers.  *Id.* at PageID.5–PageID.6.  In Counts 7 and 8,

Nash alleges claims against the HPD and the County.  *Id.* at PageID.6.  Nash seeks,

among other things, at least $1,000,000 in damages.  *Id.* at PageID.7.  Another

judge in this district granted Nash's Application to Proceed In Forma Pauperis by a

Prisoner, ECF No. 2, on April 1, 2024, ECF No. 3.

### III.   DISCUSSION

**A.   Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under

color of' law deprives another of 'rights, privileges, or immunities secured by the

Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting

42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983,

a plaintiff must allege: (1) that a right secured by the Constitution or laws of the

United States was violated; and (2) that the alleged violation was committed by a

person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988);

*Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.   Defendant HPD**

Nash names as Defendants both the HPD and the County.  *See* ECF No. 1 at

PageID.1.  "Claims against a municipality and its respective police department are

treated as claims against the municipality."  *Gomes v. County of Kauai*, 481 F.

Supp. 3d 1104, 1110 (D. Haw. 2020).  Because the HPD is a division of the

County, it is not separately subject to suit under 42 U.S.C. § 1983.  *See Bullock v.*

*Honolulu Police Dep't*, Civ. No. 23-00394 JMS-KJM, 2023 WL 6604306, at *2–3

(D. Haw. Oct. 10, 2023).  Any federal claims against the HPD are therefore

DISMISSED with prejudice. *See Young v. Hawaii*, 548 F. Supp. 2d 1151, 1164–65 (D. Haw. 2008) ("Defendants Hawaii County Police Department and the County of Hawaii are treated as one party[.]"), *overruled on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008); *see also Scaperotta v. Kauai Police Dep't*, Civil No. 20-00542 LEK-KJM, 2021 WL 1009293, at *3 (D. Haw. Mar. 16, 2021) (dismissing claims against the Kauai Police Department).

**C.    Municipal Liability Claims Against the County**

Nash invokes "Monell Liability" to assert certain claims against the County. *See* ECF No. 1 at PageID.6.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91.  In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A municipality

cannot be held liable under Section 1983 "solely because it employs a tortfeasor—
or, in other words, a municipality cannot be held liable under § 1983 on a
respondeat superior theory." *Monell*, 436 U.S. at 691 (italics omitted).

Thus, a plaintiff can allege municipal liability under Section 1983 in any of
three ways.  First, a municipality can be liable when it or a person with final
policymaking authority within the municipality expressly enacts or authorizes a
policy respecting a challenged action.  *Id.* at 690; *Pembaur v. City of Cincinnati*,
475 U.S. 469, 482–83 (1986) ("The official must also be responsible for
establishing final government policy respecting such activity before the
municipality can be held liable.").  In this regard, a municipality can also be liable
when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it.
*Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013).  Second, a
municipality can be liable for a custom that, although not expressly enacted, is "so
permanent and well settled" it operates with the force of law.  *Monell*, 436 U.S. at
691 (internal quotation marks omitted).  Third, a municipality can be liable for a
failure to train its employees when such failure amounts to deliberate indifference
towards the rights of its inhabitants.  *City of Canton*, 489 U.S. at 388–89.  In
addition, a plaintiff must allege that a policy, custom, or failure to train in fact
caused a municipality's employee to commit the constitutional deprivation.  *Id.* at
391; *Monell*, 436 U.S. at 694.

Here, Nash does not allege in Counts 1–6 that any individual HPD officer acted pursuant to a policy or that any officer's alleged actions were ratified by a final policymaker.

To the extent Nash asserts in Count 7 that the HPD had a "widespread unconstitutional custom and practice . . . [of] arrest[ing] 'mere passengers,'" ECF No. 1 at PageID.6, these conclusory allegations are not enough to state a claim. *See Melton v. County of Maricopa*, 2022 WL 3031319, at *2 (9th Cir. Aug. 1, 2022) (concluding that pleading was "too conclusory and formulaic" because it included "no specific allegations concerning other instances of illegal conduct sufficient to allege a custom, policy, or practice"); *see also Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) ("Plaintiffs cannot allege a widespread practice or custom based on isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (quotation marks and citations omitted) (alteration in original)).

Likewise, Nash's conclusory statement that the training of HPD's officers was inadequate, *see* ECF No. 1 at PageID.8, is not enough to state a claim.  *See Hyer v. City & County of Honolulu*, 2020 WL 3440934, at *8 (D. Haw. June 23, 2020) ("Allegations of inadequate training are insufficient where they do not identify what the training practices were, how the training practices were deficient,

or how the training caused the specific Plaintiff's harm.").  Thus, Nash's federal

claims against the County are DISMISSED with leave to amend.

**D.     Claims Against Individually Named HPD Officers**

In Counts 1–6, Nash alleges various claims against six individually named

HPD officers based on the events of March 26, 2021.  ECF No. 1 at PageID.5–

PageID.6.

"A claim may be dismissed . . . on the ground that it is barred by the

applicable statute of limitations only when the running of the statute is apparent on

the face of the complaint."  *Von Saher v. Norton Simon Museum of Art at*

*Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quotation marks and citation

omitted); *see also Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015)

(affirming dismissal of pro se complaint at screening pursuant to 28 U.S.C.

§ 1915A, in part, because prisoner's complaint, on its face, appeared to be

untimely and barred by the applicable statute of limitations).  The Court can raise

on its own the possible expiration of the statute of limitations.  *See Miron v. Lewis*,

Case No. EDCV 23-01682-PA (DTB), 2024 WL 129264, at *2 (C.D. Cal. Jan. 11,

2024).

The applicable statute of limitations—that is, the deadline for commencing a

lawsuit—for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's

11

limitations period for personal injury actions.  *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam).

In general, the statute of limitations for personal injury actions in Hawaii is two years.  *See* Haw. Rev. Stat. § 657-7 (2016); *Bird*, 935 F.3d at 743.  Although Hawaii law provides an exception in certain circumstances for causes of action that accrue while a person is imprisoned either on a criminal charge or pursuant to a court sentence, this exception does not apply to actions against, among others, police officers.  *See* Haw. Rev. Stat. 657-13(3) (2016); *Namauu v. Dep't of Pub. Safety Hawaii*, Civ. No. 18-00062 JMS-RLP, 2018 WL 1733978, at *3 (D. Haw. Apr. 10, 2018).  Federal law determines when a claim accrues.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (per curiam).

In certain circumstances, equitable tolling may extend the deadline for filing suit.  To establish equitable tolling under Hawaii law, "a plaintiff must demonstrate '(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Kobayashi v. Paderes*, 2014 WL 6775265, at *4 (D. Haw. Dec. 1, 2014) (quoting *Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006)).  This approach is consistent with federal

12

law. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citation omitted)).

Here, all of Nash's claims against the individually named HPD officers are based on events that occurred on March 26, 2021. *See* ECF No. 1 at PageID.2–PageID.4. Nash did not commence this lawsuit, however, until March 25, 2024—that is, almost three years after the events at issue. Nash is therefore ORDERED TO SHOW CAUSE in writing why his claims against the six individually named HPD officers should not be dismissed as time-barred. *See Austin v. Papa John's Pizza*, No. Civ. No. 11-00683 DAE-RLP, 2011 WL 5513191, at*4 (D. Haw. Nov. 10, 2011) ("Unless Plaintiff can provide some other basis for tolling the statute of limitation for his claims, they are time-barred.").

### E.   Doe Defendants

Nash also names as Defendants "John Does 1–10." ECF No. 1 at 1. The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a). Doe defendants are generally disfavored, however, because it is effectively impossible for the United States Marshal to serve

an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored." (citation omitted)).

A plaintiff may refer to unknown defendants as John or Jane Doe 1, John or Jane Doe 2, and so on, but he must allege specific facts showing how each Doe defendant violated his rights.  The plaintiff may then use the discovery process to obtain the names of doe defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover the identities, or that the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Although Nash names as Defendants "John Does 1–10," ECF No. 1 at PageID.1, he fails to allege how any specific Doe defendant violated his rights under federal law.  Nash's claims against these Defendants are therefore DISMISSED with leave to amend.  *See Conklin v. Espinda*, Civ. No. 19-00097 JMS-RT, 2019 WL 2397802, at *6 (D. Haw. June 6, 2019) (dismissing claims against unknown defendants where plaintiff failed to explain how each doe defendant personally violated plaintiff's civil rights).  Nash is reminded that, if any claim against a Doe defendant is based on events that occurred more than two years before March 25, 2024, he must also explain why that claim is not time-barred.

14

**F.      Supplemental Jurisdiction Over State Law Claims**

In addition to his claims brought pursuant to 42 U.S.C. § 1983, Nash asserts various state law claims.  *See* ECF No. 1 at PageID.1.

In general, district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  District courts may decline to exercise supplemental jurisdiction over a claim, however, if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(1).

Here, the Court will not address the viability of Nash's state law claims because it cannot exercise supplemental jurisdiction over any state law claim unless and until Nash states a cognizable federal claim.  *See Garcia v. Nevada*, Case No. 2:17-cv-00359-APG-CWH, 2018 WL 11278694, at *6 (D. Nev. Mar. 9, 2018).  For the reasons set forth in the preceding sections, Nash has not stated a colorable federal claim.  The Court thus holds any further discussion of Nash's state law claims in abeyance, pending assessment of any amended federal claim.  If Nash decides to dismiss voluntarily this action, nothing in this order precludes him from pursuing any timely state law claims in state court.

## IV.   <u>LEAVE TO AMEND</u>

The Complaint, ECF No. 1, is DISMISSED with partial leave to amend.

Nash must file any amended pleading on or before **April 30, 2024**.  Nash may not

expand his claims beyond those already alleged herein or add new claims, without

explaining how those new claims relate to the claims alleged in the Complaint.

Claims that do not properly relate to those in the Complaint are subject to

dismissal.

Nash must comply with the Federal Rules of Civil Procedure and the Local

Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended

complaint be complete in itself, without reference to any prior pleading.  An

amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form.  *See* LR99.2(a).  An amended complaint will supersede the preceding

complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th

Cir. 2015).  Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*,

693 F.3d 896, 928 (9th Cir. 2012).

## V.   <u>28 U.S.C. § 1915(g)</u>

If Nash fails to file an amended complaint or is unable to amend his claims

to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C.

§1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

(1) The Court DISMISSES with prejudice Nash's claims against the HPD.

(2) If Nash wants any of his claims against the County to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **April 30, 2024**.

(3) Nash is also ORDERED TO SHOW CAUSE in writing on or before **April 30, 2024** why his claims against the six individually named HPD officers are not time-barred.

(4) Nash's claims against the Doe defendants are DISMISSED with leave to amend, and his state law claims are held in abeyance.

(5) ALTERNATIVELY, instead of filing an amended pleading and showing cause in writing, Nash may inform the Court in writing on or before **April 30, 2024** that he would like to dismiss voluntarily this action pursuant to Federal Rule

of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under

28 U.S.C. § 1915(g).

(6) Failure to comply with these deadlines may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Nash may incur a strike under

28 U.S.C. § 1915(g).

(7) The Clerk is DIRECTED to send Nash a blank prisoner civil rights

complaint form so that he can comply with this order if he elects to file an

amended pleading.

IT IS SO ORDERED.

DATED: April 8, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Phillip Nash v. Lauren Pacheco, et al.;* Civil No. 24-00142 DKW-WRP*;* **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND AND ORDER TO SHOW CAUSE**